USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2092 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, Appellee, v. COMMONWEALTH OF MASSACHUSETTS, ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Pierce O'Cray, Assistant Attorney General, Government Bureau, ______________ with whom Scott Harshbarger, Attorney General, was on briefs for __________________ appellants. Samuel A. Marcosson, with whom C. Gregory Stewart, General _____________________ ____________________ Counsel, Gwendolyn Young Reams, Associate General Counsel, and Vincent _____________________ _______ J. Blackwood, Assistant General Counsel, were on brief for appellee. ____________ ____________________ March 11, 1996 ____________________ Per Curiam. Chapter 32 of the Massachusetts General __________ Laws establishes the Commonwealth's statutory retirement benefit plan for its state and local employees. Section 3(2)(f) of that chapter provides that "[n]o person who enters or who re-enters the service of any governmental unit as an employee after attaining age sixty-five, and after the date when a system becomes operative therein, shall become a member except as otherwise provided for in this section." This provision generally prevents state and local employees hired after age 65 from participating in any public employee retirement system in Massachusetts. Francis C. Coolidge, a part-time employee of the Town of Tewksbury who was denied membership in the Middlesex County Retirement System, filed charges challenging section 3(2)(f) before the Equal Employment Opportunity Commission ("EEOC"). In due course the EEOC itself sued the Commonwealth and the Middlesex County Retirement System in the district court, claiming that section 3(2)(f) violates and is preempted by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 623(a)(1) et. seq. Both sides moved for summary judgment; ________ the district court granted the EEOC's motion, ruling that section 3(2)(f) ran afoul of 29 U.S.C. 623(a)(1), which makes it illegal for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such -2- -2- individual's age." The Commonwealth now appeals. Although the state statute plainly discriminates on the basis of age regarding benefits of employment, the Commonwealth argues that the Massachusetts statute is shielded by 29 U.S.C. 623(f)(2)(B)(i), which permits an employer to differentiate on the basis of age "where for each benefit or benefit package, the actual amount of payment made or cost incurred on behalf of an older worker is no less than that made or incurred on behalf of a younger worker as permissible under section 1625.10, title 29, Code of Federal Regulations (as in effect June 22, 1989)." The Commonwealth claims that this provision effectively codifies a subsection of the cited regulation, 29 C.F.R. 1625.10(f)(1)(iii)(A) (1989), which allowed an employer to exclude from a retirement plan an employee who begins work after normal retirement age.  As a matter of ordinary grammar, the statutory exception relied on by the Commonwealth does not protect section 3(2)(f) because the Commonwealth concededly does not incur costs on behalf of workers excluded from the pension system at least equal to the costs incurred on behalf of younger workers. The plain language of section 623(f)(2)(B)(i) makes clear that it incorporates only those elements of the cited regulation that conform to this equal cost/equal benefit principle. The Commonwealth's argument that the statutory provision incorporates the regulation wholesale, even -3- -3- portions of it--like 29 C.F.R. 16256.10(f)(1)(iii)(a)--that are plainly inconsistent with the equal cost/equal benefit principle, simply cannot be squared with the statutory language. If legislative history is consulted, it too supports the EEOC and not the Commonwealth. As the district court observed, Congress enacted the current version of section 623(f) in response to the Supreme Court's decision in Public ______ Employees Retirement Sys. v. Betts, 492 U.S. 158 (1989), __________________________ _____ which determined that the ADEA did not apply to fringe benefits. Congress then amended the statute to reinstate the equal cost/equal benefit rule and to ensure that the ADEA applied to age-based discrimination in benefit plans. S. Rep. No. 263, 101st Cong., 2d Sess. 18 (1990), reprinted in ____________ 1990 U.S.C.C.A.N. 1509, 1523. This Senate report said explicitly that Congress intended to incorporate only those portions of the regulation consistent with the amended statute. Id. ___ The Commonwealth argues that because the ADEA here would preempt a state statute, we must apply a "clear statement" rule of interpretation, e.g., Gregory v. Ashcroft, 501 U.S. ____ _______ ________ 452 (1991), and resolve in favor of the Commonwealth any doubts about whether Congress intended to incorporate 29 C.F.R. 1625.10(f)(1)(iii)(a). The EEOC plausibly responds that the clear statement rule applies only in deciding -4- -4- whether the state is governed by the ADEA and not to questions concerning the substantive reach of the ADEA, questions whose answer affects public and private employers alike. Although this precise question may not have been decided, we have been very hesitant in closely related contexts to extend the clear statement rule beyond its core application. See Gately v. Commonwealth of Massachusetts, 2 ___ ______ _____________________________ F.3d 1221, 1230 (1st Cir. 1993); see EEOC v. Commonwealth of ___ ____ _______________ Massachusetts, 987 F.2d 64, 68-70 (1st Cir. 1993). _____________ In all events, the meaning of the provision in this case is clear enough once the technical jargon is unraveled. The __ statute adopts an equal cost/equal benefit test for differentiations "as permissible" under the cited regulation, and no one claims that the Commonwealth's flat bar conforms to any equal cost/equal benefit test. Thus, whether a ___ particular equal cost/equal benefit differential would be "permissible" under the regulation does not even arise. The subject matter is complex but complexity is not the same thing as ambiguity. Affirmed. ________ -5- -5-